Filed 3/3/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SHAUN TRABERT,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CONSUMER PORTFOLIO SERVICES, INC.,<br><br>    Defendant and Appellant. | D065556<br><br><br>(Super. Ct. No. 37-2010-00096763-CU-BT-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Ronald L. Styn, Judge.  Reversed with directions.

Sheppard, Mullin, Richter & Hampton, Robert J. Stumpf, Jr., Peter S. Hecker, Anna S. McLean and Shannon Z. Peterson, for Defendant and Appellant.

Michael E. Lindsey; The Hanson Law Firm and John W. Hanson, for Plaintiff and Respondent.


This is the second time this court has considered an appeal in this case involving an automobile purchaser who brought consumer claims against the creditor-assignee of the parties' sales contract.  The first appeal involved the enforceability of an arbitration

agreement in the contract. (*Trabert v. Consumer Portfolio Services, Inc.* (Apr. 8, 2013, D060491) [nonpub. opn.] (*Trabert I*).) In *Trabert I*, we held the arbitration agreement contained certain unconscionable provisions, and remanded for the court to determine whether these provisions could be severed from the remaining agreement. On remand, the trial court declined to sever the provisions and denied the creditor-assignee's motion to compel arbitration. The creditor-assignee, Consumer Portfolio Services, Inc. (Portfolio), challenges this order in this second appeal.

We conclude the trial court erred in denying Portfolio's motion. The unconscionable provisions concern only exceptions to the finality of the arbitration award, and can be deleted without affecting the core purpose and intent of the arbitration agreement. The deletion of these exceptions creates a binding arbitration award and promotes the fundamental attributes of arbitration, including speed, efficiency, and lower costs. We reverse and remand with directions for the court to sever the unconscionable provisions from the arbitration agreement and grant Portfolio's motion to compel arbitration.

FACTUAL AND PROCEDURAL BACKGROUND

*Background*

Shaun Trabert purchased a used vehicle from an automobile dealer under a preprinted industry-drafted installment sales contract. The dealer then assigned the contract to Portfolio. Portfolio later repossessed Trabert's vehicle, and Trabert filed a class action complaint alleging Portfolio's repossession/default notices were defective under consumer statutes. (See Civ. Code, § 1750 et seq.; Bus. & Prof. Code, § 17200.)

2

Portfolio moved to compel arbitration under a lengthy arbitration provision in the parties' sales contract.[1] In opposition, Trabert argued the arbitration agreement was

1 This provision read: "PLEASE REVIEW-IMPORTANT-AFFECTS YOUR LEGAL RIGHTS [¶] 1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL. [¶] 2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS. [¶] 3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION. [¶] Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum . . . (www.arbforum. com), the American Arbitration Association . . . (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website. [¶] Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside. . . . We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be *final and binding* on all parties, *except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that*

3

unenforceable because it contained two sets of unconscionable provisions: (1) provisions creating exceptions to the finality of the arbitrator's decision; and (2) provisions allowing the parties to seek relief outside the arbitration process through self-help remedies or small claims court. (These challenged provisions are italicized in the quoted arbitration agreement contained in footnote 1). The trial court (Superior Court Judge John Mayer) found both sets of challenged provisions were unconscionable and denied Portfolio's motion to compel arbitration.

*Trabert I*

In the first appeal, Portfolio contended the court erred in denying its motion to compel because the challenged arbitration provisions were not procedurally or substantively unconscionable. (*Trabert I, supra*, D060491.) We agreed with portions of Portfolio's contentions and disagreed with others. We explained that to preclude

---

*party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party* requesting new arbitration *shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs.* Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. [¶] *You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit.* Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable." (Italics added.)

4

enforcement under our state's unconscionability doctrine, the moving party must show both procedural and substantive unconscionability. (*Ibid.*) Under these principles, we determined the trial court correctly found the arbitration agreement was moderately procedurally unconscionable. (*Ibid.*) But we concluded the court's evaluation of three provisions impacting the substantive unconscionability analysis—self-help remedies, small claims disputes, and finality of the arbitrator's findings—was partially flawed. (*Ibid.*)

On the self-help/small claims exceptions, we found "nothing unfair or unreasonable in allowing the parties to retain their rights to these remedies outside the arbitration process." (*Trabert I*, *supra*, D060491.) We thus agreed with Portfolio's contentions that the court erred in concluding these exceptions were unconscionable. (*Ibid.*)

However, on the finality exceptions, we agreed with the trial court's findings. (*Trabert I*, *supra*, D060491.) We explained the arbitration provision creates exceptions to the binding and final nature of an arbitration award in three respects: (1) it provides an exception to finality if the arbitration award is "$0" or exceeds $100,000; (2) it provides an exception to finality if the arbitration award "includes an award of injunctive relief"; and (3) it requires the appealing party to advance all costs for the second arbitration proceeding. (*Ibid.*) "Reviewing these challenged provisions *together*, we [found] they are moderately unconscionable because they create a situation in which the arbitration appellate rules benefit the economically stronger party (the automobile dealer) to the detriment of the weaker party (the consumer) and, in doing so, defeat an essential purpose

5

of the FAA, which is to encourage efficient and speedy dispute resolution."  (*Ibid.*)

Considering "together the moderate levels of procedural and substantive

unconscionability," we "determine[d] these [finality-exception] provisions cannot be

enforced."  (*Ibid.*)

We then examined Portfolio's contention the arbitration agreement could be

enforced without the unconscionable provisions.  (*Trabert I, supra*, D060491; see Civ.

Code, § 1670.5, subd. (a) (§ 1670.5(a).)  We observed that because these objectionable

provisions were "contained solely in two sentences of the lengthy arbitration agreement

and pertain to a single part of the arbitration clause (concerning the finality of the

arbitration award), they can potentially be severed from the remaining portions of the

agreement."  (*Trabert I, supra*, D060491.)  However, we determined it was appropriate

for the trial court to initially consider the issue because it did not have the opportunity to

do so under a proper analysis of the limited unconscionability finding.  We thus

remanded for the court to exercise its discretion on the severability issue under section

1670.5(a).

Trabert petitioned for review of *Trabert I* in the California Supreme Court, but the

court denied the petition.  At the time, the California Supreme Court was considering

(and is still considering) identical unconscionability challenges to the identical arbitration

provision in the same industry-drafted automobile sales contract.  (*Sanchez v. Valencia

Holding Co., LLC* (2011) 201 Cal.App.4th 74, review granted Mar. 21, 2012, S199119

(*Sanchez*).)  During the three years that *Sanchez* has been pending, the high court has

granted and held numerous petitions for review of Court of Appeal decisions addressing

6

similar (if not identical) unconscionability challenges to the identical arbitration provision in the same industry-drafted contract.[2] These intermediate courts (including different panels of this court) have reached various different conclusions on the unconscionability issues.[3]

*Remand*

On remand, Portfolio requested the trial court to sever the finality-exception provisions and enforce the remaining portions of the arbitration agreement. Portfolio argued that severance was required under controlling California Supreme Court authority because the unconscionable provisions are "collateral" to the arbitration clause's central purpose and the court "can readily excise them without disturbing the main objective of the clause," citing *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 (*Armendariz*) and *Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064 (*Little*).

---

[2]    These cases include: *Gillespie v. Svale Del Grande, Inc.*, review granted July 9, 2014, S218704; *Cheroti v. Harvey & Madding, Inc.*, review granted June 25, 2014, S218724; *Gonzalez v. Metro Nissan of Redlands*, review granted November 26, 2013, S214121; *Vargas v. SAI Monrovia B, Inc.* (2013) 216 Cal.App.4th 1269, review granted August 21, 2013, S212033; *Vasquez v. Greene Motors, Inc.* (2013) 214 Cal.App.4th 1172, review granted June 26, 2013, S210439; *Natalini v. Import Motors, Inc.* (2013) 213 Cal.App.4th 587, review granted May 1, 2013, S209324; *Flores v. West Covina Auto Group, LLC* (2013) 212 Cal.App.4th 895, review granted April 10, 2013, S208716; *Goodridge v. KDF Automotive Group, Inc.* (2012) 209 Cal.App.4th 325, review granted December 19, 2012, S206153; *Caron v. Mercedes-Benz Financial Services USA LLC* (2012) 208 Cal.App.4th 7, review granted October 24, 2012, S205263.

[3]    To the extent this court's conclusions and/or reasoning has differed or changed over this time, our views continue to evolve as we have the benefit of additional appellate decisions in this area and the benefit of the California Supreme Court's continuing refinement of our state's unconscionability analysis under the Federal Arbitration Act (FAA). Additionally, each case must be decided on its own factual record.

Portfolio also noted that the arbitration agreement contained a provision stating the parties intended to permit severance if any provision is found unenforceable.

Trabert opposed the severance request. As his central argument, Trabert argued that Portfolio acted in bad faith by including the unconscionable "[o]ne-sided" finality-exception provisions in the arbitration agreement because Portfolio knew or should have known these provisions were unfair and unconscionable. Trabert said the court "should not turn a blind eye to these intentionally and systematically created illegalities and allow yet another arbitration contract to be enforced despite their presence. . . . [T]he Court must draw a line to prevent and deter further wrongdoing and overreaching." Trabert also argued the court should not sever the provisions because "substantive reformation and augmentation would be required," particularly because the court should maintain a consumer's right to challenge awards of $0 and thus would need to rewrite the rules pertaining to these second arbitrations to make them fair for consumers.

After conducting a hearing, the court (Judge Ronald Styn) denied Portfolio's motion to sever. The court reasoned that "severance is not warranted in this consumer case, involving [a Consumer Legal Remedies Act claim], because severance would not further the interests of justice. It may result in augmenting the agreement with additional terms, rather than merely striking the unconscionable portions." The court also noted that courts may exercise their discretion to deny severance if the agreement is " ' "permeated" by unconscionability,' " particularly where there are " ' "multiple defects," ' " citing *Armendariz, supra*, 24 Cal.4th 83. The court further stated that other courts considering the same arbitration provision have "denied severance as there were multiple

8

unconscionable provisions in the agreement," citing a federal district court decision, *Trompeter v. Ally Financial, Inc*. (N.D.Cal. 2012) 914 F.Supp.2d 1067 (*Trompeter*).

Portfolio appeals.

DISCUSSION

I. *Legal Principles*

Section 1670.5(a) provides: "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of the unconscionable clause so as to avoid any unconscionable result."

The California Supreme Court has interpreted this code section as manifesting a preference for severance *unless* "an agreement is 'permeated' by unconscionability." (*Armendariz*, *supra*, 24 Cal.4th at p. 122.) "It has long been the rule in this state" that courts should make every effort to uphold the valid portion of the contract if " ' " 'it can be separated from that which is bad . . . ,' " ' " particularly if this is consistent with the parties' intent as expressed in the contract. (*Ibid.*) Accordingly, "[c]ourts are to look at the various purposes of the contract. If the central purpose of the contract is tainted with [unconscionability], then the contract as a whole cannot be enforced. If the [unconscionability] is collateral to the main purpose of the contract, and the [unconscionable] provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate." (*Id*. at p. 124; accord,

9

*Marathon Entertainment, Inc. v. Blasi* (2008) 42 Cal.4th 974, 996; *Dotson v. Amgen, Inc.* (2010) 181 Cal.App.4th 975, 985-986 (*Dotson*).)

In *Armendariz*, the court upheld a trial court's refusal to sever two unconscionable provisions from a mandatory employment arbitration agreement: (1) a limitation on the full recovery of statutory damages; and (2) the requirement that an employee—but not the employer—arbitrate claims arising out of the employment relationship. (*Armendariz, supra*, 24 Cal.4th at pp. 120-121.) The *Armendariz* court found these unconscionable provisions could not be fairly severed from the agreement for two primary reasons. "First, the arbitration agreement contains more than one unlawful provision; it has both an unlawful damages provision and an unconscionably unilateral arbitration clause. Such multiple defects indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage. . . . [¶] Second, in the case of the agreement's lack of mutuality, . . . permeation [by an unlawful purpose] is indicated by the fact that there is no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement. Rather, the court would have to, in effect, reform the contract, not through severance or restriction, but by augmenting it with additional terms. Civil Code section 1670.5 does not authorize such reformation by augmentation, nor does the arbitration statute. Code of Civil Procedure section 1281.2 authorizes the court to refuse arbitration if grounds for revocation exist, not to reform the agreement to make it lawful. Nor do courts have any such power under their inherent limited authority to reform contracts." (*Id.* at pp. 124-125.)

10

Three years later, the California Supreme Court distinguished *Armendariz* and held an unconscionable arbitration provision *could* be severed and the remaining arbitration provision enforced. (*Little, supra*, 29 Cal.4th at pp. 1074-1076.) In *Little,* the court found an employment arbitration agreement allowing appeals of awards exceeding $50,000 to be unconscionable because it was unfairly one-sided in the employer's favor. (*Id.* at pp. 1071-1074.) But the high court found the provision to be severable. (*Id.* at pp. 1074-1076.) The court reasoned: "There is only a single provision that is unconscionable, the one-sided arbitration appeal. And no contract reformation is required—the offending provision can be severed and the rest of the arbitration agreement left intact. . . . [¶] Moreover, there is no indication that the state of the law was 'sufficiently clear at the time the arbitration agreement was signed to lead to the conclusion that this [appellate arbitration provision] was drafted in bad faith.' [Citation.]" (*Id.* at pp. 1075-1076, fn. omitted.) The *Little* court also cited with approval two Court of Appeal decisions holding unconscionable the portion of an arbitration agreement allowing (in practical terms) only the economically-stronger party to challenge the arbitration award, but determining this finality-exception provision to be severable from the remainder of the arbitration agreement. (*Id.* at p. 1075; see *Saika v. Gold* (1996) 49 Cal.App.4th 1074, 1082 (*Saika*); *Beynon v. Garden Grove Medical Group* (1980) 100 Cal.App.3d 698, 713 (*Beynon*).)

Each of these decisions (*Armendariz*, *Little, Saika,* and *Beynon*) was decided before *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. __ [131 S.Ct. 1740] (*Concepcion*), which reiterated the strong public policy favoring enforcement of an

11

arbitration agreement governed by the FAA. Under *Concepcion*, state courts may not interpret state rules in such a way as to preclude the enforcement of FAA arbitration agreements if to do so would "interfere[ ]" with the fundamental attributes of arbitration and/or would violate FAA's fundamental purpose of "ensur[ing] the enforcement of arbitration agreements according to their terms . . . ." (*Concepcion, supra*, at p. 1748; see *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 364; *Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1143.)

We review a court's severance ruling under the abuse of discretion standard. (*Lhotka v. Geographic Expeditions, Inc.* (2010) 181 Cal.App.4th 816, 821.) A court has the authority to consider all relevant factors and reach reasonable conclusions based on those facts. However, a court's discretion must be exercised under proper legal standards and supported by the factual record. (See *Dotson, supra*, 181 Cal.App.4th at p. 986.) A trial court abuses its discretion when it applies the wrong legal standard or its factual findings are not supported by substantial evidence. (See *Zurich American Ins. Co. v. Superior Court* (2007) 155 Cal.App.4th 1485, 1493.) " 'Although "the statute[s] . . . give a trial court some discretion as to whether to sever or restrict the unconscionable provision or whether to refuse to enforce the entire agreement," ' " the " 'strong legislative and judicial preference is to sever the offending term and enforce the balance of the agreement,' " unless the agreement is "permeated" by unconscionability. (*Dotson, supra*, 181 Cal.App.4th at p. 986.)

12

II. *Analysis*

The parties' arbitration agreement is a lengthy recitation of rules and procedures governing the required arbitration. (See fn. 1, *ante*.) This court found that only one discrete portion of this arbitration agreement—provisions setting forth finality exceptions that are contained in two consecutive sentences—is unconscionable and thus unenforceable. (*Trabert I, supra*, D060491.) As found in *Little*, *Beynon*, and *Saika*, these finality-exception provisions can be severed without undermining the meaning and core purpose of the agreement. Striking these two sentences would leave intact the rest of the lengthy arbitration provision and sales agreement. The parties would then arbitrate their dispute and would be limited to challenging the award under the statutory arbitration provisions. (See Code Civ. Proc., § 1285, et seq.) By eliminating the finality exceptions contained in this portion of the agreement, the court would ensure the parties receive the benefit of their bargain (an arbitration instead of trial) and obtain a dispute resolution forum that provides the parties with the fundamental attributes of arbitration (greater efficiency and speed, lower costs, and a more focused dispute resolution forum). Removing the exceptions to the finality rules will enhance—rather than defeat—these core purposes.

Unlike *Armendariz* and similar to the situation in *Little*, the "one-sidedness" at issue in this case did not involve the scope of the arbitrator's powers, and was instead confined to a single provision regarding the parties' rights *after* an arbitration award is issued. Thus, the unconscionability could be cured by deleting the unconscionable second-arbitration trigger provision. Moreover, the parties expressly agreed that "if any

13

part of this arbitration clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable." (Fn. 1, *ante*.) This clause reflects the "parties' intent that, to the extent possible, the valid provisions of the contracts be given effect, even if some provision is found to be invalid or unlawful." (*Baeza v. Superior Court* (2011) 201 Cal.App.4th 1214, 1230.) Enforcing this contractual severance clause is also consistent with the FAA's purpose to promote enforcement of arbitration agreements *according to their terms* and to permit parties to structure their arbitration agreements as they see fit. (*Concepcion, supra*, 131 S.Ct. at pp. 1745, 1748-1749; *Stolt-Nielsen S.A. v. AnimalFeeds Internat. Corp.* (2010) 559 U.S. 662, 683.) Severing the unconscionable provisions while enforcing the remaining agreement would "conserve [the parties'] contractual relationship" with respect to their agreement to submit the matter to arbitration. (*Armendariz, supra*, 24 Cal.4th at p. 124.)

Under section 1670.5(a) and *Armendariz*, *Little*, and *Concepcion*, a court must enforce an FAA arbitration agreement if the unconscionable provision does not permeate the agreement with an unlawful purpose and can be severed without (1) rewriting the arbitration agreement; and (2) undermining the agreement's meaning and core purpose to provide an alternate dispute resolution forum to fairly resolve the parties' claims. These factors were present here.

In denying Portfolio's severance motion in "the interests of justice," the trial court identified a single factor: severance "may result in augmenting the agreement with additional terms, rather than merely striking the unconscionable portions." The record does not support this finding. The finality provisions are contained in two sentences, and

14

striking these sentences will merely impose binding and final arbitration with challenges limited to those permitted under the general arbitration statutes. (See Code Civ. Proc., § 1285 et seq.) To the extent the court believed it was required to retain a finality-exception that Trabert now suggests is favorable (appeals of $0 awards) and rewrite the rules pertaining to this exception, this view is unwarranted. When opposing the motion to compel arbitration, Trabert consistently took the position that the finality exception provisions are unconscionable *in their entirety*. A party cannot successfully oppose severance by picking and choosing portions of an arbitration agreement that he or she desires *after* prevailing on an argument that the entire clause is unconscionable.

Trabert's additional arguments in support of the court order are unavailing.

First, Trabert devotes a considerable portion of his appellate brief to argue that Portfolio (or its assignor, the car dealer) inserted the arbitration-finality exception provision in "bad faith" because the dealer knew some courts had concluded these provisions were unconscionable. There is no support for this argument in the record before us. Although several state and federal courts have found this provision unenforceable, there is substantial conflicting authority regarding the same provision in the same arbitration agreement, and the precise issue has been pending in the California Supreme Court for three years. (See *Sanchez, supra*, 201 Cal.App.4th 74, review granted Mar. 21, 2012, S199119; fns. 2 & 3, *ante*.) Given this legal landscape, we cannot attribute bad faith to the automobile dealer's decision (in 2008) to use the standard form sales contract containing this arbitration clause.

15

Trabert's reliance on *Parada v. Superior Court* (2009) 176 Cal.App.4th 1554 (*Parada*) is misplaced. In *Parada*, the court stated that at the time the arbitration agreement was signed in 2006, at least seven decisions "had been decided and published" making it "reasonably clear" that the core challenged arbitration provisions—requiring a panel of three arbitrators (for the initial arbitration) *and* prohibiting consolidation or joinder of claims—were unconscionable. (*Id.* at p. 1586.) Based on this observation and the fact that there were "multiple" unconscionable contract provisions, the court found the case indistinguishable from *Armendariz* and declined to enforce the arbitration provision. (*Ibid.*)

*Parada* is unhelpful because the issues here were *not* "reasonably clear" regarding the enforceability of the arbitration agreement, including the finality-exception provisions. Moreover, we question the continuing validity of *Parada*'s severance analysis because it was based on an unconscionability finding that is inconsistent (in part) with the United States Supreme Court's later holding that joinder prohibitions in FAA arbitration agreements are *not* unconscionable and *are* enforceable. (*Concepcion, supra*, 131 S.Ct. at pp. 1745-1753.)

We also find unpersuasive Trabert's reliance on *Trompeter, supra*, 914 F.Supp.2d 1067 regarding the severance issue. *Trompeter* reached the same unconscionability conclusion as did this court regarding the finality provisions, but also found other provisions *in addition to* the finality-exception provisions were unconscionable. (*Id.* at pp. 1073-1076.) Thus, in refusing to sever, the court emphasized that there were "*multiple* unconscionable provision[s] in the agreement" and thus severance would

16

"encourage overreaching by creditors . . . ." (*Id.* at p. 1076, italics added.) Additionally, we disagree with the district court's statement that the finality exceptions are "not collateral" and "extirpating them by means of severance would amount to a reformation of the agreement." (*Ibid.*) The finality exceptions *are* collateral because they concern what happens *after* the arbitrator issues the arbitration award, not the manner in which arbitration is conducted or the disputes to which the arbitration requirement pertains.

Trabert's reference to another superior court case in which the plaintiffs brought similar consumer challenges against Portfolio is also unhelpful. He directs us to his counsel's declaration in which his counsel states that he represents different plaintiffs in a Sacramento County Superior Court action, and that a pending settlement excludes Portfolio customers whose sales contracts include arbitration clauses. The fact that consumers who did not agree to arbitration were successful in certifying a class and obtaining a tentative settlement does not have any impact on the interpretation of Trabert's arbitration agreement. Trabert's claim of unequal treatment is founded on his disagreement with the United States Supreme Court's decision that class action waivers in FAA arbitration agreements are enforceable as a matter of law. (*Concepcion, supra*, 131 S.Ct. 1740.) *Concepcion*'s holding is binding on this court, and any challenge to the holding is frivolous.

Finally, we reject Trabert's additional contention that "rewriting would be necessary" because Portfolio has changed the scope of its requested severance. In the court below, Portfolio requested the court strike the following two sentences in the arbitration agreement:

17

> "*The arbitrator's award shall be final and binding on all parties, except* that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs." (Italics added.)

In this court, Portfolio requests that we order the court to strike these same sentences except for the first 11 words italicized above: "The arbitrator's award shall be final and binding on all parties . . . ." This is a change without a material difference. Either way, after severance the arbitration award is final and binding on all parties except as challenges are permitted under the applicable statutes. (See Code Civ. Proc., § 1285 et seq.) We believe the better approach is to make explicit that the arbitrator's award shall be final and binding on all parties and then strike the remaining words in the two sentences that purport to create exceptions to this rule.

Although a court has discretion to determine whether severance is appropriate under the circumstances, it is essential that when ruling on severance motions, courts are mindful of the strong policies in favor of upholding arbitration agreements and do not merely impose their own conception of sound policy. (See *Dotson, supra*, 181 Cal.App.4th at pp. 985-986.) On the record before us, the arbitration agreement was not permeated with unconscionable provisions; the provisions found to be unconscionable were collateral to the core purpose of both the arbitration agreement and the sales contract; and no rewriting or reformation was required. Thus, the severance motion should have been granted.

18

DISPOSITION

Order reversed.  Court ordered to vacate its February 21, 2014 order, and enter a new order severing the unconscionable finality-exception provisions from the arbitration agreement and granting Portfolio's petition to compel arbitration.  Respondent to bear appellant's costs on appeal.

HALLER, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.